# Exhibit A

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

NAKINJI LEWIS,

    Plaintiff,

vs.

                                  No. CT-03424l-18
                                  JURY DEMANDED

                                  Div III

WILLIE LEE WILLIS and
BROWN TRUCKING COMPANY,

    Defendants.

FILED SEP 14 2018 CIRCUIT COURT CLERK BY ___ D.C.

## COMPLAINT

TO THE HONORABLE JUDGES OF THE CIRCUIT COURT:

Plaintiff, Nakinji Lewis files this Complaint against Defendants, Willie Lee Willis and Brown Trucking Company and in support show as follows:

### I.

### PARTIES

1. Plaintiff, Nakinji Lewis is before the Court to recover for significant personal injuries sustained as a result of an automobile collision caused by the negligence of Defendants, Willie Lee Willis, and Brown Trucking Company.

2. Plaintiff, Nakinji Lews is a resident of Memphis, Shelby County, Tennessee.

3. Defendant, Willie Lee Willis is a resident of Hernando, Desoto County, Mississippi and can be served with process at his residence, 4285 Chamberlin Oaks Drive, Hernando, Mississippi 38632.

1

4. Upon information and belief, Defendant, Brown Trucking Company, is a foreign corporation registered to do business in the State of Tennessee, and can be served with process by serving its registered agent, Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

5. Plaintiff's cause of action arises in tort as a result of personal injuries and damages incurred during an automobile collision that occurred in Shelby County, Tennessee, on or about September 15, 2017.

## II.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to inter alia, Tenn. Code Ann. § 16-10-101.

7. Venue is proper in this Court pursuant to inter alia, Tenn. Code Ann. § 20-4-101, because all or part of this cause of action arose within Shelby County, Tennessee.

## III.

## FACTS

8. On or about September 15, 2017 at approximately 10:31 a.m., Plaintiff, Nakinji Lewis was operating a 2004 Toyota Corolla traveling westbound on Interstate 40 near Sycamore View in Memphis, Shelby County, Tennessee.

9. At the same time and date as above, Defendant, Willie Lee Willis was operating a 2015 Semi Truck Tractor traveling westbound on Interstate 40 in Memphis, Shelby County, Tennessee.

10. Defendant, Willie Lee Willis failed to maintain a safe lookout when he

forcefully struck Plaintiff's vehicle, thereby causing severe and significant personal injuries to the Plaintiff.

11. Upon information and belief, at all times relevant to this action, Defendant, Willie Lee Willis was an agent and employee of Defendant, Brown Trucking Company and was operating the vehicle in the scope of his employment with express and or implied consent and in the furtherance of business for Defendant, Brown Trucking Company.

## IV.
## NEGLIGENCE

12. At all times relevant to this action, Defendant Willie Lee Willis owed a duty of care to Plaintiff to operate his vehicle in a reasonable and prudent manner, exercising a reasonable degree of care and caution under the circumstances.

13. Defendant was guilty of the following acts of common law negligence:

   a. Failing to operate the vehicle he was driving with a degree of care and caution required of a reasonable and prudent person under similar circumstances;

   b. Failing to maintain proper control of the vehicle he was driving under the existing circumstances;

   c. Failing to maintain a proper lookout;

   d. Failing to exercise reasonable degree of care to avoid a collision with the vehicle driven by Plaintiff; and

   e. Failing to exercise a reasonable degree of care to stop, slow or turn his vehicle in a manner to avoid the collision.

14. In addition and in the alternative, upon information and belief, Defendant Willis

was an agent and employee of Defendant, Brown Trucking Company and was operating the 2015 Semi Tractor Trailer truck in the scope of his employment with same. Defendants Willie Lee Willis and Brown Trucking Company, are therefore liable to the Plaintiff under the doctrine of respondent superior.

15. In addition and in the alternative, Defendant Willis was operating and had control of the vehicle with express and/or implied consent of Defendant Brown Trucking Company.

16. Each and every one of the above acts of negligence was a direct, contributing and proximate cause of the damages sustained by Plaintiff.

## V.

## VIOLATION OF STATE STATUTES

17. At the time and place of the collision, the following statutes of the State of Tennessee and were in full force and effect:
Statutes:

> **Tenn. Code Ann. § 55-8-103. Required obedience to traffic law -- misdemeanor.**
>
>> It is unlawful and, unless otherwise declared in this Chapter in Chapter 10, parts 1 through 5 of this Title, with respect to particular offenses, it is a Class C misdemeanor for any person to do any act forbidden or fail to perform any act required in this Chapter in Chapter 10 of this Title.
>
> **Tenn. Code Ann. § 55-8-136 Drivers to exercise due care.**
>
>> (b) Notwithstanding any speed limit or zone in effect at the time, or right-of-way rules that may be applicable, every driver of a vehicle shall exercise due care by operating the vehicle at a safe speed, by maintaining a safe lookout, by keeping the vehicle under proper control and by devoting

4

full time and attention to operating the vehicle, under the existing circumstances as necessary in order to be able to see and to avoid endangering life, limb or property and to see and avoid colliding with any other vehicle or person, or any road sign, guard rail or any fixed object either legally using or legally parked or legally placed, upon any roadway, within or beside the roadway right-of-way including, but not limited to, any adjacent sidewalk, bicycle lane, shoulder or berm.

18. At the time and place of the collision, the following ordinances of Shelby County, Tennessee were in full force and effect:

**Code of Shelby County, Tenn. Sec. 24-116 Duty to fully devote time and attention to operating a vehicle.**

It shall be unlawful for a driver of a vehicle to fail to devote full time and attention to operating such vehicle when such failure, under the then existing circumstances, endangers life, limb or property.

**Code of Shelby County, Tenn. Sec. 24-117 Duty to drive at safe speed, maintain lookout and keep vehicle under control.**

Notwithstanding any speed limit or zone in effect at the time, or right-of-way rules that may be applicable, every driver shall:
(1) Operate his vehicle at a safe speed.
(2) Maintain a safe lookout.
(3) Use due care to keep his vehicle under control.

19. Plaintiff would show this Court that Defendants, either through their own actions or vicariously through the actions of Defendant Willis, at the time of place of the collision, were in violation of each of the above statutes, and such violations constitute negligence per se, and that it was such negligence, or a combination of this negligence with other acts of negligence herein described, which was the proximate cause of the injuries and damages alleged in this Complaint.

20. As a direct and proximate result of this Defendant's breach of their duties, Plaintiff has been damaged and is entitled to recover compensatory damages, interest and costs for Defendant's negligence.

21. As a direct and proximate result of Defendants negligence, Plaintiff Nakinji Lewis suffered painful and permanent bodily injuries. Her injuries will likely cause pain and suffering in the future. The injuries suffered by the Plaintiff include but are not limited to the following: neck, left shoulder, left leg and knee, lower abdominal pain, as well as injuries to her body as a whole. Plaintiff Nakinji Lewis is entitled to recover damages for her personal injuries. In this regard, Plaintiff is entitled to recover all reasonable and necessary medical expenses incurred and which she may incur in the future as a result of this collision. Plaintiff is also entitled to recover for the physical and emotional pain and suffering, lost time from work, property damage, and all other incidental damages caused by the Defendants' negligence.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays:

1. That proper process issue and be served upon Defendants', and that they be required to appear and answer this Complaint within the time required by law;

2. That Plaintiff Nakinji Lewis be awarded a judgment in the amount of Five Hundred Thousand and no/cents Dollars ($500,000.00) for compensatory damages for her personal injuries sustained as a result of Defendants' negligence;

3. That Plaintiff be awarded such other and further relief to which she is entitled.

**PLAINTIFF DEMANDS A TRIAL BY JURY WHEN THE ISSUES ARE JOINED HEREIN.**

Respectfully submitted,

/s/ Randall J. Fishman

BALLIN, BALLIN & FISHMAN, P.C.
Randall J. Fishman, Esq. (7097)
200 Jefferson Avenue, Suite 1250
Memphis, TN 38103
(901) 525-6278

Attorney for Plaintiff

(CIRCUIT/CHANCERY) COURT OF TENNESSEE
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

## SUMMONS IN CIVIL ACTION

(●) Lawsuit
( ) Divorce

Docket No. _____      Ad Damnum $ _____

| NAKINJI LEWIS, | VS | WILLIE LEE WILLIS and BROWN TRUCKING COMPANY, |
|---|---|---|
| Plaintiff(s) | | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons))

Brown Trucking Company
serve: registered agent, Corporation Service Company,
2908 Poston Avenue
Nashville, Tennessee 37203-1312.

Method of Service:
( ) Certified Mail
( ) Shelby County Sheriff
( ) Commissioner of Insurance ($)
( ) Secretary of State ($)
(●) Other TN County Sheriff ($)
( ) Private Process Server
( ) Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on **Randall J. Fishman** Plaintiff's attorney, whose address is 200 Jefferson #1250, Memphis, TN 38103 telephone 9015256278 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

Temiika D. Gipson, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED  9/14/2018                    By _____, D.C.

TO THE DEFENDANT:

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, _____ / DONNA RUSSELL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this _____ 20__

_____, Clerk / DONNA RUSSELL, Clerk and Master    By: _____, D.C.

### RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20____ at _____ M. a copy of the summons and a copy of the Complaint to the following Defendant _____

at _____

_____                By: _____
Signature of person accepting service                          Sheriff or other authorized person to serve process

### RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

                                                      By: _____
                                                         Sheriff or other authorized person to serve process